UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JUAN MALDONADO,

    Plaintiff,

v.

DR. JONATHAN ASHBY,

    Defendant.

Case No. 21-cv-07780-DMR (PR)

**ORDER OF SERVICE**

## I. INTRODUCTION

Plaintiff, a state prisoner currently incarcerated at the Correctional Training Facility ("CTF"), has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that Defendant was deliberately indifferent to his medical needs. In his complaint, Plaintiff names Defendant Jonathan Ashby, a CTF physician. Plaintiff seeks monetary and punitive damages.

Plaintiff has consented to magistrate judge jurisdiction. Dkt. 5. Therefore, this matter has been assigned to the undersigned Magistrate Judge. Dkt. 4. His motion for leave to proceed *in forma pauperis* will be granted in a separate written order. Dkts. 2, 7.

Venue is proper because the events giving rise to the claims are alleged to have occurred at CTF, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

## II. DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

1  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### B.  Deliberate Indifference to Serious Medical Needs

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); *Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir. 1986). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *See McGuckin*, 974 F.2d at 1059. A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.* (citing *Estelle v. Gamble*, 429 U.S. at 104). A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Plaintiff alleges that from March 10, 2020 through October 15, 2020, he suffered from "recurrent epistaxis, a medical condition that consists of a bleeding from the nose over and over again." Dkt. 1 at 3.[1] Plaintiff claims that he was bleeding from his nose several times per week, "resulting with a large accumulation of old dry blood that at the night interrupted his normal breathing due to lack of oxygen supply, causing lack of sleep." *Id.* at 3-4. On March 30, 2020, Plaintiff reported his condition to Defendant and requested that Defendant "refer the case to a specialist because [Plaintiff] knew the bleeding [was] going to happen over and over again, but [Defendant] refused to [make] the early referral." *Id.* at 4. Plaintiff claims that from March 30, 2020 through August 15, 2020, he "continued bleeding from his nose 3 to 5 times per day." *Id.* During that time, Defendant "just prescribed him some medications that did not help[]." *Id.* On

---

[1] Page number citations refer to those assigned by the court's electronic case management filing system and not those assigned by Plaintiff.

September 5, 2020, September 10, 2020, and September 29, 2020, Plaintiff repeatedly sent "medical requests slips (CDCR 7362) regarding his nose bleeding" to Defendant, but to no avail. *Id.* Plaintiff claims that he "felt he was dying due to the lack of oxygen supply during sleeping time, resulting in lack of sleep for several months." *Id.* On October 10, 2020, "after seven months of Plaintiff's struggling with his medical condition, [Defendant] finally referred the case to a specialist at Twin Cities Community Hospital." *Id.* at 4-5. On October 16, 2020, the specialist "evaluated, diagnosed and provided to Plaintiff adequate medical treatment by performing a nasal cautery to control the bleeding." *Id.* at 5.

Liberally construed, the complaint states cognizable Eighth Amendment claims against Defendant for deliberate indifference to Plaintiff's serious medical needs.

### III. CONCLUSION

For the foregoing reasons, the court orders as follows:

1. Plaintiff's complaint states a cognizable claim of deliberate indifference to his medical needs against Defendant.

2. The following Defendant(s) shall be served: **Dr. Jonathan Ashby at CTF.**

Service on the listed Defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service pilot program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the clerk is directed to serve on CDCR via email the following documents: the operative complaint, this order of service, the notice of assignment of prisoner case to a United States magistrate judge and accompanying magistrate judge jurisdiction consent or declination to consent form, a CDCR Report of E-Service Waiver form and a summons.

No later than **forty (40) days** after service of this order via email on CDCR, CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which Defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which Defendant(s) decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver and of the notice of assignment of prisoner case to a magistrate judge and accompanying

1 magistrate judge jurisdiction consent or declination to consent form to the California Attorney
2 General's Office, which, within **twenty-one (21) days**, shall file with the court a waiver of service
3 of process for the Defendant(s) who are waiving service and, within **twenty-eight (28) days**
4 thereafter, shall file a magistrate judge jurisdiction consent or declination to consent form as to the
5 Defendant(s) who waived service.
6     Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each
7 Defendant who has not waived service according to the CDCR Report of E-Service Waiver a
8 USM-205 Form.  The clerk shall provide to the USMS the completed USM-205 form and copies
9 of this order, summons, operative complaint and notice of assignment of prisoner case to a
10 magistrate judge and accompanying magistrate judge jurisdiction consent or declination to consent
11 form for service upon each defendant who has not waived service.  The clerk also shall provide to
12 the USMS a copy of the CDCR Report of E-Service Waiver.
13     The clerk shall also mail a copy of the operative complaint and a copy of this order to the
14 State Attorney General's Office in San Francisco.  Additionally, the clerk shall mail a copy of this
15 order to Plaintiff.
16     3.    Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires
17 Defendant to cooperate in saving unnecessary costs of service of the summons and complaint.  If
18 service is waived, this action will proceed as if Defendant had been served on the date that the
19 waiver is filed, except that pursuant to Rule 12(a)(1)(A)(ii), Defendant will not be required to
20 serve and file an answer before **sixty (60) days** from the date on which the CDCR provides a copy
21 of the CDCR Report of E-Service Waiver to the California Attorney General's Office.  (This
22 allows a longer time to respond than would be required if formal service of summons is
23 necessary.)  If Defendant has not waived service and have instead been served by the USMS, then
24 Defendant shall serve and file an answer within **twenty-one (21) days** after being served with the
25 summons and complaint.
26     4.    Defendant shall answer the complaint in accordance with the Federal Rules of Civil
27 Procedure.  The following briefing schedule shall govern dispositive motions in this action:
28     a.    No later than **sixty (60) days** from the date the answer is due, Defendant

1 shall file a motion for summary judgment or other dispositive motion. The motion must be
2 supported by adequate factual documentation, must conform in all respects to Federal Rule of
3 Civil Procedure 56, and must include as exhibits all records and incident reports stemming from
4 the events at issue. A motion for summary judgment also must be accompanied by a *Rand*[2] notice
5 so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to
6 oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out
7 in Rand must be served concurrently with motion for summary judgment). A motion to dismiss
8 for failure to exhaust available administrative remedies must be accompanied by a similar notice.
9 However, the court notes that under the new law of the circuit, in the rare event that a failure to
10 exhaust is clear on the face of the complaint, Defendant may move for dismissal under Rule
11 12(b)(6) as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion.
12 *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315
13 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative
14 remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), should be raised by a
15 defendant as an unenumerated Rule 12(b) motion). Otherwise if a failure to exhaust is not clear on
16 the face of the complaint, Defendant must produce evidence proving failure to exhaust in a motion
17 for summary judgment under Rule 56. *Id.* If undisputed evidence viewed in the light most
18 favorable to Plaintiff shows a failure to exhaust, Defendant is entitled to summary judgment under
19 Rule 56. *Id.* But if material facts are disputed, summary judgment should be denied and the
20 district judge rather than a jury should determine the facts in a preliminary proceeding. *Id.* at
21 1168.
22 If Defendant is of the opinion that this case cannot be resolved by summary judgment,
23 Defendant shall so inform the court prior to the date the summary judgment motion is due. All
24 papers filed with the court shall be promptly served on Plaintiff.
25       b.      Plaintiff's opposition to the dispositive motion shall be filed with the court
26 and served on Defendant no later than **twenty-eight (28) days** after the date on which Defendant's
27
28

---

[2] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

5

motion is filed.

        c.       Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact—that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154 F.3d at 962-63.

Plaintiff also is advised that—in the rare event that Defendant argues that the failure to exhaust is clear on the face of the complaint—a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. To avoid dismissal, you have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents— documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. As mentioned above, in considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed

issues of fact with regard to this portion of the case. *Albino*, 747 F.3d at 1168.

(The notices above do not excuse Defendant's obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 935.)

    d.    Defendant shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

    e.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

5.    Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the court pursuant to Rule 30(a)(2) is hereby granted to Defendant to depose Plaintiff and any other necessary witnesses confined in prison.

6.    All communications by Plaintiff with the court must be served on Defendant or Defendant's counsel, once counsel has been designated, by mailing a true copy of the document to them.

7.    It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the court has been returned to the court as not deliverable, and (2) the court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

8.    Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

IT IS SO ORDERED.

Dated: April 28, 2022

_____
DONNA M. RYU
United States Magistrate Judge